### BLEDSOE v. COLUMBIA MILLS CO.

APPEAL DISMISSED.—Failure to serve proposed "Case" and exceptions, as required by Code, amounts to waiver of appeal, and there being in this case no satisfactory showing that default was due to mistake or excusable neglect, the appeal is dismissed.

Motion to dismiss appeal.

The facts on which this motion was made are substantially as follows:

A verdict was obtained in favor of plaintiff at April Term, 1906, Richland County. Motion for new trial was made, and on August 15, 1906, the Circuit Judge granted a new trial *nisi.* On August 25, plaintiff remitted amount required by order *nisi.* On August 28th, notice of appeal was served by Messrs. Abney & Thomson, attorneys of record for defendant. Judgment was entered September 28. October 2, Mr. Tompkins notified Messrs. Abney & Thomson that appeal had been abandoned, and asked payment of judgment and costs. Beginning with August 15th, Messrs. Abney & Thomson continuously tried to obtain an adjustment of the differences between them and the casualty company, conducting the suit, giving notice from time to time of the condition of the case and of the contention of plaintiff's attorneys, which culminated on October 11 in

35—75

notice to defendant of their withdrawal from the case on that date. The import of this notice seems not to have been comprehended by defendant until further correspondence. On October 27, Mr. Shand was informed that his services were desired by defendants in the appeal, and on Monday, 29th, he looked into the matter, but was unable to serve his proposed case on that day. After communications from defendant and attorneys of casualty company, case for appeal was made up and served on November 3, and "Return" filed in this Court. Plaintiff's attorney returned proposed case served.

*Mr. Frank G. Tompkins,* for motion.

*Mr. R. W. Shand,* contra.

December 11, 1906. PER CURIAM. This is a motion to dismiss the appeal herein, for failure to serve case and exceptions for approval, as required by law. Section 345, of the Code, provides that whenever the appellant fails to prepare his appeal, his failure to do so shall amount to a waiver thereof, unless the Court permit the appeal to be perfected, as provided in sections 339 and 349.

It appearing that the case and exceptions were not served in the time required by law, and there being no satisfactory showing that the said default was due to mistake or excusable neglect, the Court is of the opinion that the appeal should be dismissed.